IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON
CIVIL ACTION NO. 10-279(WOB-JGW)

M.D. JEAN M. LOFTUS
AND
LOFTUS PLASTIC SURGERY CENTER                                    PLAINTIFFS

VS.                    MEMORANDUM OPINION AND ORDER

CATHERINE NAZARI a/k/a/
CATHERINE NAZARIFROSHANI                                          DEFENDANT

This is an unusual libel case in which a doctor has sued her patient. The patient posted comments on opinion websites complaining of the results of surgery the doctor had performed on her.

The doctor asserts claims for defamation and tortious business interference. The patient herself counterclaims for wrongful use of civil proceedings, invasion of privacy, defamation and intentional infliction of emotional distress. Each party seeks compensatory and punitive damages against the other. Each party has filed for summary judgment against the other.

## I.  FACTS

The plaintiffs are Dr. Jean Loftus, M.D., a plastic surgeon, and the professional corporation under the aegis of which she practices. The defendant is Catherine Nazari, a patient of Dr. Loftus, who underwent plastic surgery by her in 2006, consisting of breast implants, a breast lift, an arm lift on both arms, and a "tummy tuck."

In 2010, Ms. Nazari posted three statements on opinion websites complaining of the results of the surgery. These postings, quoted in full, are as follows:

A posting on http://www.vitals.com that read:

I had Plastic surgery done by Dr. Jean Loftus only to be left with permanent nerve damage in both arms (arm lift) severe abdominal pain (tummy tuck) horrible scars and disfigured in both breast [sic] (breast implants, breast lift)as [sic] a result of her mistakes. As a result of the surgeries preformed [sic] by Dr. Loftus I was left having to file for Total Disability. To err is human, but she like all doctors should be held accountable for their actions. Where are the ethics in America when Doctors cover up for Doctors knowing that horrible mistakes were made? I hope that she can live with herself knowing what she has done. Doc. 87, Def. Depo., p. 15; Doc. 87-6 (ex. 4).

A posting on http://www.newsvine.com that read:

I had plastic surgery due too [sic] losing a lot of weight and was not happy with the sagging skin I was left with. I thought that if I had the surgery It would raise my self confiedence [sic] and improve my appearance. If I could go back in time, I would not have done it. I had breast implants and a Breast lift and was left with horrible scars and disfigurement, a tummy tuck that left me with severe abdominal pain that is still present today, I had arm [sic] lift in both arms that caused permanent nerve damage in both arms and there [sic] nothing that a consumer can do. All of my surgeries were preformed [sic] the same day by a Dr. Jean Loftus in Ft. Wright, KY. 99% of all medical malpractice cases never make it to a hearing, let alone a trial. I have filed complaints with the US Attorney in Washington, DC and they referred me to the Ohio Medical Board to file a complaint. I also filed a lawsuit with Bob Handleman in Columbus, OH only to have nothing done and my case was dismissed without prejudice. On October 22, 2010 I received a letter from the Ohio Medical Board that NO disciplinary actions would be taken regarding Dr. Loftus. I guess it is true what Ralph Nader says on his site, that State Medical Boards are like FOXES GUARDING THE HENS. These doctors should be held accountable for their mistakes and not be covered up. Doc. 87, Def. Depo., pp. 15-16; Doc. 87-8 (ex. 6).

A posting on the website http://www.buskia.com that read:

> I had plastic surgery done by Dr. Jean Loftus of Ft. Wright, KY only to be left with permanent nerve damage in both arms (arm lift), severe abdominal pain (tummy tuck) and horrible scars and disfigurement on both breasts (breast implants and breast lift)., [sic] and my medical records were stolen from a friend and colleague of hers, Dr. Rank O. Dawson a plastic surgeon of Cincinnati, OH. I filed a complaint with the Ohio Medical Board and nothing was done. I had an attorney from Columbus, OH Mr. Bob Handleman and he did nothing. My case was dismissed without prejudice . [sic] I was told by several lawyers that 99% of medical malpractice cases never even make it to trial or even a hearing… so if you don't have lots of money… your [sic] wasting your time. Doc. 87, Def. Depo., p. 15; Doc. 87-7 (ex. 5).

To facilitate discussion, these postings may be broken down in essence to the following assertions:

1. Ms. Nazari suffers from scars, disfigurements, and pain, which she attributes to Dr. Loftus's improperly performing the surgery.

2. Ms. Nazari filed a malpractice action and a complaint with the Ohio Medical Board which came to naught.

3. Ms. Nazari states that making such filings are useless because the system is rigged against complaining patients, and there is a conspiracy among the medical profession, the court system and regulatory bodies.

4. Her medical records were stolen.

## II. DR. LOFTUS AND THE LOFTUS MEDICAL GROUP'S CLAIMS

### A. DEFAMATION

In an action by a private person against a private person, as in this case, the elements to sustain a cause of action for defamation include: (1) defamatory (false) language; (2) about the plaintiff; (3)

which is published; and (4) which causes injury to reputation. *Stringer v. Wal-Mart Stores, Inc.,* 151 S.W.3d 781, 793 (Ky. 2004). Allegations about a physician's ability to do her job are defamatory *per se*, and the falsity of such statements is presumed. *Columbia Sussex Corp., Inc. v. Hay*, 627 S.W.2d 270, 273 (Ky. App. 1982).

An expression of opinion may be defamatory, but it is "actionable only if it implies the allegation of undisclosed defamatory facts as the basis for the opinion." *Yancey v. Hamilton,* 786 S.W.2d 854, 857 (Ky. 1989) (quoting RESTATEMENT (SECOND) OF TORTS §566 (1977)). "[S]tatements of pure opinion, hyperbole, or rhetorical exaggeration will receive First Amendment protection." *Ogle v. Hocker,* 279 F. App'x 391, 397 (6th Cir. 2008) (citing *Jolliff v. N.L.R.B.,* 513 F.3d 600, 610 (6th Cir. 2008)).

In *Lassiter v. Lassiter,* 456 F. Supp. 2d 876 (E.D. Ky. 2006), *aff'd*, 280 F. App'x 503 (6th Cir. 2008), this Court extensively reviewed the opinion doctrine in Kentucky defamation actions. That discussion is adopted by reference here. The bottom line is protected opinion exists if "[t]he reader is in as good a position as the author to judge whether the conclusion . . . [i]s correct." *Id.* at 882.

In the case at bar, it may be seen that all of Ms. Nazari's statements concerning the allegedly poor results of her surgery are protected opinion, because they do not imply the existence of undisclosed facts. Basically, she says she had the surgery, and she has the unfortunate conditions described. Also, in her opinion, they are the result of the surgery, which -- also in her opinion -- involved negligence on the part of Dr. Loftus. These are all the

facts she adduces; she does not imply the existence of any undisclosed facts. The reader of the postings may decide for himself or herself whether the opinions should be accepted, or are an example of the logical fallacy known as *post hoc ergo propter hoc*.[1]

The statements concerning the futility of suing doctors or filing complaints against them before regulatory boards are also clearly opinion. Moreover, they are not "of and concerning" Dr. Loftus. Neither is the statement about stolen records.

Further, it must be taken into account that the statements by Ms. Nazari were posted on opinion websites; therefore, the natural tendency would be to infer that they are opinion. *Cf. Seaton v. TripAdvisor, LLC,* 728 F.3d 592 (6th Cir. 2013).

Dr. Loftus's proffer of medical experts rebutting Ms. Nazari's assertions is irrelevant; her statements are still protected opinion.

Dr. Loftus argues that Ms. Nazari's derogatory remarks about the medical profession should be interpreted as statements about her, but a member of a class has no claim against someone defaming the class as a whole. RESTATEMENT (SECOND) OF TORTS §564A (1977); *O'Brien v. Williamson Daily News,* 735 F. Supp. 218, 223 (E.D. Ky. 1990), *aff'd,* 931 F.2d 893 (6th Cir. 1991).

### B. <u>INTERFERENCE WITH BUSINESS RELATIONS</u>

Dr. Loftus and the Loftus Medical Group assert a claim against Ms. Nazari for tortious interference with prospective business

---

[1] "after which, therefore because of which". For example, the ancient mariner shot the albatross and later the wind died and the ship was becalmed; therefore, the crew inferred the wind died because he shot the albatross. The same conclusion applies to Ms. Nazari's assertion that she had to take disability as a result of the surgeries.

relationships. Kentucky recognizes this type of claim, but the cases embodying it are relatively few and none are in point with the situation now before the Court.

The lead Kentucky case is *National College Athletic Assn. v. Hornung*, 754 S.W.2d 855 (Ky. 1988), in which the Court adopted the parameters set forth in RESTATEMENT (SECOND) OF TORTS, §§776, 767 and 773 concerning this tort. See also *Harstad v. Whiteman*, 338 S.W.3d 804 (Ky. App. 2011).

This Court believes the principles found in the Restatement, as adopted by the Kentucky courts, require the conclusion that this tort is not applicable to the present situation.

The Restatement §767 states:

> In determining whether an actor's conduct in intentionally interfering with a contract or a prospective contractual relation of another is improper or not, consideration is given to the following factors: (a) the nature of the actor's conduct, (b) the actor's motive, (c) the interests of the other with which the actor's conduct interferes, (d) the interests sought to be advanced by the actor, (e) the social interests in protecting the freedom of action of the actor and the contractual interests of the other, (f) the proximity or remoteness of the actor's conduct to the interference and (g) the relations between the parties.

Comment c, concerning misrepresentation, states that, while fraudulent representations are "ordinarily a wrongful means of interference and makes an interference improper," for purposes of this tort, "[a] representation is fraudulent when, to the knowledge and belief of its utterer, it is false in the sense in which it is intended to be understood by its recipient." *Id*. at §767 cmt. c. There is no evidence that Ms. Nazari did not honestly believe the opinions she set forth in the various postings she made.

Also, under the Restatement, the court must consider "the social interests in protecting the freedom of action of the actor and the contractual interests of the other." *Id.* at §767(e). As described above, the posts by Ms. Nazari are protected from liability for defamation, because they constitute opinion, which is a form of free expression. In the view of this Court, the same social interests apply here. In the present internet age, the opinions of the public are sought by online news media, and all manner of websites, some of which exist solely to provide a forum for the opinions. The expression these opinions have at least some social utility, although they are not absolutely privileged under the principles of defamation. *See Seaton v. TripAdvisor, LLC*, 728 F.3d 592 (6th Cir. 2013).

In *TripAdvisor*, the Sixth Circuit, applying Tennessee law, held that where an action for interference with prospective business relationship relies on a defamatory posting as the instrument of such interference, the prospective relationship count fails if the posting was protected opinion. 728 F.3d at 603.

### III. MS. NAZARI'S COUNTERCLAIMS

#### A. DEFAMATION

Ms. Nazari's defamation counterclaim is based upon her allegation that Dr. Loftus revealed her personal medical information to third parties. Ms. Nazari deposed the only individual with personal knowledge of the alleged incident, who refuted this story. Doc. 79-9, Boland Depo, pp. 20-21. She did not depose any other witness to support her allegation. Summary judgment for the plaintiffs on this counterclaim is therefore proper.

### B. INVASION OF PRIVACY

Ms. Nazari's counterclaim for invasion of privacy is based upon the same facts as her defamation claim. The right of privacy is invaded by: (1) unreasonable intrusion upon the seclusion of another; (2) appropriation of the other's name or likeness; (3) unreasonable publicity given to the other's private life; or (4) publicity that unreasonably places the other in a false light before the public. *Smith v. Bob Smith Chevrolet, Inc.*, 275 F. Supp. 2d 808, 821 (W.D. Ky. 2003). Here, only ground (1) is claimed. Ms. Nazari started this controversy by posting comments about her surgeries on the internet, and there is no proof in the record to support her claim that Dr. Loftus revealed information about her medical records to third parties. With no record evidence to support this counterclaim, summary judgment for the plaintiffs is proper.

### C. WRONGFUL USE OF CIVIL PROCEEDINGS[2]
### (MALICIOUS PROSECUTION)

The elements of wrongful use of civil proceedings are: (1) the institution or continuation of original judicial proceedings, either civil or criminal, or of administrative or disciplinary proceedings; (2) by, or at the instance, of the plaintiff; (3) the termination of such proceedings in defendant's favor; (4) malice in the institution of such proceeding; (5) want or lack of probable cause for the proceeding; and (6) the suffering of damage as a result of the proceeding. *D'Angelo v. Mussler,* 290 S.W.3d 75 (Ky. Ct. App. 2009).

---

[2] Ms. Nazari bases this claim on the alleged lack of probable cause in instituting this lawsuit.

The existence *vel non* of probable cause is a matter of law for the Court. Here, Dr. Loftus did have probable cause although her claims have been unsuccessful.

Ms. Nazari has not adduced evidence of lack of probable cause or malice in the doctor's instituting this proceeding. Rather, Ms. Nazari merely argues that "Plaintiff is aware that Ms. Nazari has made no such defamatory statements about her but rather has shared her negative experience . . ." Doc. 82, Def. Opp. to Pl. Motion for Summary Judgment, p. 8. Plaintiffs are therefore entitled to summary judgment on this counterclaim.

### D. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Intentional infliction of emotional distress is established by satisfying four elements: (1) the wrongdoer's conduct must be intentional or reckless; (2) the conduct must be outrageous and intolerable in that it offends the generally accepted standards of decency and morality; (3) there must be a causal connection between the wrongdoer's conduct and the emotional distress; and (4) the emotional distress must be severe. *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 788 (Ky. 2004). Plaintiffs' instituting this lawsuit fails to rise to the level of outrageous and intolerable conduct. Thus, plaintiffs are entitled to summary judgment on this counterclaim.

### IV. DR. LOFTUS AND THE LOFTUS MEDICAL GROUP'S MOTION TO FILE AN ADDITIONAL AMENDED COMPLAINT

Dr. Loftus and the Loftus Medical Group seek to file an additional amended complaint alleging additional postings they deem defamatory. The additional postings complained of are subject to the

same protected opinion analysis as described above. Therefore, the motion will be denied.

Therefore, having heard the parties, and the Court being sufficiently advised,

**IT IS ORDERED THAT:**

(1) Defendant's motion for summary judgment on all claims made by the Plaintiffs (Doc. 80) is **GRANTED.**

(2) Plaintiffs' motion for summary judgment on all of Defendant's counterclaims (Doc. 79) is also **GRANTED.**

(3) Plaintiffs' motion for leave to file a second amended complaint (Doc. 89) is **DENIED.**

(4) A judgment will enter concurrently therewith.

(5) The parties shall bear their own costs.

This 13th day of May, 2014.



Signed By:
*William O. Bertelsman*  WOB
United States District Judge